IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| MARTIN PORTER, et al., | ) |
|         Plaintiffs, | ) |
| v. | ) Case No. 3:22-CV-05048-BCW |
| KIMBERLING INN RESORT AND VACATION CLUB, et al., | ) |
|         Defendants. | ) |

## ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD

Before this Court is the parties' Joint Motion for Final Approval of Class Action Settlement and Award of Attorney Fees, Costs and Expenses and Incentive Award. (Doc. #53). The Court, being duly advised of the premises, having held a hearing in this matter on October 10, 2023, grants said motion.

On June 29, 2022, Plaintiffs filed a class action complaint alleging one or more Defendants acted without authority when operating the Association board of directors and improperly raised the annual assessments and surcharged special assessments without authority and in contravention of the Missouri Statutes for Condominiums ("the Action"). Plaintiffs' complaint alleged counts for temporary and permanent injunctive relief, an equitable accounting for past activities within the statute of limitations, declaratory relief under the Missouri Uniform Condominium Act, breach of fiduciary duty, negligence, breach of contract, quiet title, ejectment, trespass, fraud, unjust enrichment, money had and received and failure to furnish documents.

Defendants have denied liability under all counts of Plaintiffs' suit and filed a responsive pleading seeking judicial foreclosure on Class Member's property interests in the Resort. The

parties have engaged in discovery in this matter and exchanged financial data, board minutes, and other relevant board activity and income and expense statements of the various entities.

Plaintiffs, on behalf of the Settlement Class, and Defendants have entered into a Settlement Agreement dated December 8, 2022, and attached hereto as Exhibit A which is incorporated herein in by reference and memorializes the negotiated and agreed-upon settlement of the Action as between a defined Settlement Class and the Defendants, subject to the approval of the Court (the "Settlement").

On June 28, 2023, the Court entered its Preliminary Order Approving Class Action Settlement (Doc. #48), preliminarily approving the Class Action Settlement subject to Notice and Objection which were duly served.

The parties have provided the Notice of Settlement as approved by the Court by and through the Angeion Group, LLC (hereinafter "Angeion"), also appointed by this Court to serve as Class Administrator.

The Court, having held a hearing on the joint motion for final approval of class action settlement (Doc. #53), having considered the record in this case, including the proposed settlement agreement (Doc. #53-1) and supporting declarations (Docs. #53-2, -3), finds good cause to grant the motion for final approval. Accordingly, it is hereby

ORDERED ADJUDGED, AND DECREED:

**1.** The terms of the Agreement, and the Settlement provided therein, are approved as fair, reasonable, and adequate to the Settlement Class as defined in the Agreement.

**2.** The Court finds Plaintiffs qualified as class representative parties and orders that they represent the interests of all members of the class.

2

Case 3:22-cv-05048-BCW    Document 56    Filed 10/12/23    Page 2 of 8

3. The Court finds the law firm of Douglas, Haun and Heidemann, P.C. and its attorneys Craig R. Heidemann and Nickolas W. Allen to be capable and qualified and, therefore, appoints said law firm and attorneys as Class Counsel.

4. Pursuant to FRCP Rule 23(e) the Court finds that the prerequisites for certification of the proposed class for purposes of Settlement are met in that:

   a. The proposed notice plan provided notice in a reasonable manner to all class members who are bound by the proposal;

   b. The class representatives and class counsel have adequately represented the class;

   c. The proposal was negotiated at arm's length;

   d. The relief provided for the class is adequate, taking into account:

      i. The costs, risks, and delay of trial and appeal;

      ii. The effectiveness of the proposed method of distributing relief to the class, including the method of processing class-member claims;

      iii. The terms of the proposed award of attorney's fees, including timing of payment;

      iv. All agreements made in connection with the proposed settlement have been provided to the Court by the parties; and

      v. The proposal treats class members equitably relative to each other.

5. The definitions set forth in the Agreement are hereby incorporated by reference into this Order (with capitalized terms as set forth in the Agreement).

6. Plaintiffs and Defendants have executed the Agreement in order to settle and resolve the Action as between them and the Settlement Class, as approved herein.

3

Case 3:22-cv-05048-BCW    Document 56    Filed 10/12/23    Page 3 of 8

7. Accordingly, for the purpose of a Settlement in accordance with the Agreement, and upon review of the Joint Motion for Final Approval of the Class Action Settlement, this Court hereby approves as the "Settlement Class" that class of persons as defined as follows:

> Individuals who owned a timeshare interest in Kimberling Inn Resort and Vacation Club as of June 29, 2022, and were assessed general and/or special assessments by Kimberling Inn Resort and Vacation Club at any time between August 19, 2013, and June 29, 2022.

8. The Court approves the actions of the Angeion Group, LLC as Class Administrator and the affidavit and notices served by Angeion.

9. By this Order, the Court hereby exercises subject-matter and personal jurisdiction over the Settlement Class for purposes of evaluating the final approval of the Settlement Class and the fairness and adequacy of the settlement.

10. The Notice, as set forth in Exhibit B-B (Doc. #53-2 at 9-16) to the parties' brief in support of final approval, is hereby approved as fair and reasonable.

11. The Notice, in a form substantially the same as that set forth in Exhibit B-A (Doc. #53-2 at 6-7) was duly mailed by the Class Administrator by first-class mail, postage prepaid, to all members of the Settlement Class. Such mailing was made within twenty (20) days of the Preliminary Approval Order.

12. The Agreement contemplates a notice methodology that: (a) protects the interests of Plaintiffs, the Settlement Class, and Defendants, (b) is the best notice practicable under the circumstances, and (c) is reasonably calculated to apprise the Settlement Class of the Pendency of the Action and proposed Settlement, the Agreement, and the Class Members' right to opt out and exclude themselves from or to object to the proposed Settlement. In addition, the Court finds that the notice methodology stated in the Agreement and as mailed out by the Class Administrator was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive

notice of the proposed settlement and meets all applicable requirements of law, including but not limited to Rule 23 of the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

13. Defendants' Counsel served and filed a sworn statement of a person with knowledge, Jazminee Shumway, of Angeion Group, LLC, evidencing compliance with the provisions of this Preliminary Order concerning compliance with the mailed notice requirements. (Doc. #53-2).

14. Pursuant to the Order Preliminarily Approving Class Action Settlement (Doc. #28), on or about July 18, 2023, Angeion mailed out 1,445 Class Notices along with the Claim Forms (approved by the Court and in the form filed herewith as Exhibit B-B) via first class mail. The Notices and Claim Forms were directed to the last known address of each Settlement Class Member as provided by Defendants to the Settlement Administrator. Angeion and the parties' counsel received notice of only three (3) opt outs. (Doc. #53-2 at 4).[1]

Only one objection was filed, pro se, by class member Connie Steelman. (Doc. #51). The objection does not challenge the fairness of the class action settlement, but rather seeks to preserve the objector's assertion that she has personal injury claims against Defendants (Doc. #51). The objector also filed an opt-out notice. (Doc. #50). Therefore, Steelman is free to pursue her alleged claims against Defendants individually in a separate proceeding. (Doc. #50).

15. This Court held a final fairness hearing pertaining to the Settlement Agreement on October 10, 2023, at 10:00 a.m., in the U.S. District Court for the Western District of Missouri (the "Settlement Fairness Hearing"). At the Settlement Fairness Hearing, the Court considered: (a)

---

[1] The Court notes the appearance of class member Mary Roselli on behalf of herself and her spouse, Michael Roselli, at the Settlement Fairness Hearing on October 10, 2023. Ms. Roselli stated on the record that though she and her husband did not timely exclude themselves from the class action settlement, had she seen the notice in time, they would have sought to opt out. The parties agreed on the record to accommodate the Rosellis' request to untimely exclude themselves from the settlement.

the fairness, reasonableness, and adequacy of the settlement; (b) the entry of any final order or judgment in the Action with respect to the Settlement Class; (c) the application for an incentive award for the services rendered by the Plaintiffs; (d) the application for attorneys' fees and for reimbursement expenses by Class Counsel; and (e) other related matters.

16. All Settlement Class Member who did not make his or her objection in the manner provided in this Order shall be deemed to have waived any such objection and shall forever be barred from making any objection to the settlement, including but not limited to the propriety of class certification, the adequacy of any notice, or the fairness, adequacy, or reasonableness of the settlement.

17. No attorney hired by a Settlement Class Member at the class member's expense for the purpose of making an objection filed his or her entry of appearance on or before ten (10) days before the Settlement Fairness Hearing with service upon Class Counsel and Counsel for the Defendants as required by the Federal Rules of Civil Procedure.

18. On October 3, 2023, the parties timely filed their Joint Motion for Final Approval requesting attorney's fees and reimbursement of expenses by Class Counsel, and any applications for incentive fees payable to the Plaintiffs.

19. For each Deficient Plaintiff, Defendants shall pursue a Judicial Foreclosure from the Court pursuant to RSMo. § 443.190. Deficient Plaintiffs mean "all Association Members who owed any balance on their regular assessments as of June 29, 2022, for any regular assessment between June 29, 2019, through June 29, 2022.

20. Angeion is directed to send notice within fourteen (14) days of this Order to Any Deficient Plaintiff.

21. Any Deficient Plaintiff who does not opt-out of the class within forty-five (45) days of Notice shall be deemed to be in default and will be judicially foreclosed pursuant to the further

order of this Court. In the event there remains a claimed deficiency after the Judicial Foreclosure, Defendants agree to waive any deficiency judgment against Deficient Plaintiffs and all debts of Deficient Plaintiffs will be deemed satisfied in full.

**22.** Defendants are directed to comply with the remaining provisions of the Settlement as to payments to class members opting in and pursuant to the repurchase option after review and certification by the Class Administrator within forty-five (45) days and provide notice of the same to the Court.

**23.** The Court hereby approves the Damages and Service Award Payments to Plaintiffs with a payment of $21,818.00 to William Brownsberger, personal representative of the Estate of Allyene Brownsberger and a payment of $18,182.00 to Martin and Linda Porter as being fair and reasonable. Said sums shall be paid within seven (7) days of this Order.

**24.** The Court finds that the application for attorney fees and costs for Class Counsel of $150,000.00 to be fair and reasonable. Defendants' counsel shall send via First Class U.S. Mail to Class Counsel a check in the amount of $150,000.00.

**25.** Neither this Order, the Agreement, nor any of their terms or provisions, nor any of the negotiations between the parties or their counsel (nor any action taken to carry out this Order), is, may be construed as, or may be used as an admission or concession by or against any of the Parties or the Released Parties of: (a) the validity of any claim or liability, any alleged violation or failure to comply with any law, any legal or factual argument, contention or assertion, or any claim for sanctions; (b) the truth or relevance of any fact alleged by the Plaintiffs; (c) the existence of any class alleged by the Plaintiffs; (d) the propriety of class certification if the Action were litigated to conclusion rather than settled; (e) the validity of any claim or any defense that has been or could have been asserted in the Action or in any other litigation, (f) that the consideration to be given to Settlement Class Members represents the amount which could be or would have been

recovered by any such persons after trial, or (g) the propriety of class certification in any other proceeding or action. Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any way be construed as, or deemed evidence of, an admission or concession as to the denials, defenses, or factual or legal positions of Defendants, and shall not be offered or received in evidence in any action or proceeding against any party in any court, administrative agency, or other tribunal for any purpose whatsoever, except as necessary in a proceeding to enforce the terms of this Order and the Agreement; however, this Order and the Agreement may be filed by the Defendant or any other Released Person to support defenses of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, and/or any other theory of claim preclusion, or similar defense or counterclaim. Defendants expressly reserve all rights and defenses to any claims and do not waive any such rights or defenses in the event the Agreement is not approved for any reason.

**26.** This Order and Judgment is final for purposes of appeal as to the issue of settlement class certification under rule 23(e) and the Court shall retain jurisdiction for post-judgment judicial foreclosure proceedings as required by the Agreement and this Order.

**27.** After the completion of the judicial foreclosure proceedings, this case shall be dismissed upon motion of the parties.

**28.** The Settlement is approved in all other respects and the parties are directed to comply with its terms.

IT IS SO ORDERED.

DATED: October 12, 2023          /s/ Brian C. Wimes
                                 JUDGE BRIAN C. WIMES
                                 UNITED STATES DISTRICT COURT